IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILIP PAUL MIXON,
     Petitioner,

vs.                              Case No.:  5:13cv48/WS/EMT

MICHAEL D. CREWS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 14).  The court directed Petitioner to file a response to the motion to dismiss (doc. 15), but he has not done so.

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The procedural background of this case is established by the state court record (doc. 14).[1] Petitioner was originally charged in the Circuit Court in and for Bay County, Florida, Case No. 2008-CF-4087, with one count of third degree murder (Ex. C at 5).  By amended information filed

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 14), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

December 30, 2008, he was charged with one count of third degree murder (Count 1), one count of leaving the scene of an accident involving death (Count 2), one count of driving without a driver's license (Count 3), and one count of reckless driving (Count 4) (*id.* at 17–18). The State subsequently declared its intent to proceed only on Counts 1 and 2 (*id.* at 32). Following a jury trial, Petitioner was convicted as charged (Ex. C at 38, Ex. D). The court sentenced Petitioner to fifteen (15) years of imprisonment on Count 1, and a concurrent term of fifteen (15) years of imprisonment, followed by five (5) years of probation, on Count 2, with pre-sentence jail credit of 209 days (Ex. C at 178–84, 292–319).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-3612 (Exs. B, E). The First DCA affirmed the judgment per curiam without written opinion on July 27, 2010, with the mandate issuing August 12, 2010 (Exs. G, H). Mixon v. State, 39 So. 3d 324 (Fla. 1st DCA 2010) (Table).

On July 20, 2012, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I). In an order rendered August 28, 2012, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within thirty (30) days (Ex. J). Petitioner filed an amended motion on September 20, 2012 (Ex. K). The state circuit court summarily denied it on December 6, 2012 (Ex. L). Petitioner did not appeal the decision (*see* Ex. A).

Petitioner filed the instant § 2254 petition on February 7, 2013 (doc. 1 at 6). He asserts the following grounds for relief:

> Ground One: "On direct appeal: the State did not establish the corpus delicti of third degree murder. The lower court thus erred in denying the motion of acquittal [sic] on Count 1. Taken in the light most favorable to the State, the State's evidence regarding third degree murder did not establish the criminal agency of another element of the corpus delicti independently of Petitioner's statements."

> Ground Two: "On direct appeal: the statutory provision authorizing prosecution of 14–17 year old children as adults is not in public interest. The state attorney's decision drastically increased [sic] the severity and duration of available sanctions, as it stands in Petitioner's case. The statute is unconstitutional § 985.557(1). Petitioner was expressly denied of his due process of law and equal protection."

(doc. 1 at 4).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 14 at 3–4). Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B), (C) or (D) apply. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on October 26, 2010, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[2] The statute of limitations began to run on October 27, 2010, the day after the 90-day period expired. *See* <u>Wainwright v. Sec'y, Dep't of Corr.</u>, 537 F.3d 1282, 1283–84 (11th Cir. 2007)

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on October 26, 2010.

(citing Fed. R. Civ. P. 6(a)); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until October 27, 2011, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira</u>, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner filed a Rule 3.850 motion on July 20, 2012; however, it did not toll the federal limitations period, because the limitations period expired on October 27, 2011. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner's federal habeas petition was thus untimely.

Petitioner argues the § 2244(d) time bar does not preclude review of his petition, pursuant to <u>Martinez v. Ryan</u>, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (doc. 1 at 6). In <u>Martinez</u>, the Supreme Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. The <u>Martinez</u> Court, modifying the Court's prior holding in <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default, recognized a narrow exception for ineffective assistance of counsel at initial-review collateral proceedings, deciding that ineffective assistance of counsel during the initial-collateral review stage may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. *Id.* at 1315. The Court held "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at

1320. <u>Martinez</u> is thus limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel. *Id.* at 1315, 1320. Here, Petitioner has not asserted a claim of ineffective assistance of trial counsel. Further, his claims of trial court error are not procedurally defaulted and, as such, are not subject to any of the exceptions to the procedural default rule, including the one recognized in <u>Martinez</u>. Therefore, application of § 2244(d)'s time bar is not precluded by <u>Martinez</u>. *See, e.g.*, <u>Culver v. Crews</u>, No. 3:11cv606/LAC/CJK, 2013 WL 1278968, at *5 (N.D. Fla. Jan. 30, 2013) (unpublished) (<u>Martinez</u> does not address equitable tolling or the AEDPA's statute of limitations), *Report and Recommendation Adopted by* 2013 WL 1248233 (N.D. Fla. Mar. 27, 2013).

Further, in <u>McQuiggin v. Perkins</u>, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations. 133 S. Ct. 1328. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (citing <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the <u>Schlup</u> standard is "demanding" and seldom met)). The Court's opinion expressly limited its holding to that situation, stating that "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 1933. Petitioner does not claim actual innocence in this case, nor has he shown entitlement to equitable tolling or any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

## III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Respondent's motion to dismiss (doc. 14) be **GRANTED**.

2.     That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>15</u><sup>th</sup> day of October 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:13cv48/WS/EMT